## MURPHY v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

MUNICIPAL CORPORATIONS (§ 375*)—CLAIMS OF CONTRACTORS—SET-OFF.

Where a city contractor, though requested, refused to defend an action against the city for injuries to a third person occasioned by the contractor's negligence, and acquiesced in an appeal by the city from the judgment against it to the extent of expressing the hope that the city would win, the city was entitled to offset against the claim of the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tractor, not only the amount of the judgment recovered by the third person, but also the money legitimately expended on the appeal.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 375.*]

Appeal from Trial Term, Westchester County.

Action by David F. Murphy against the city of Yonkers. From a judgment granting insufficient relief, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

John F. Brennan, for appellant.
Charles E. Otis, for respondent.

HIRSCHBERG, P. J. The action is brought to recover a balance alleged to be due under a contract for construction work in one of the public streets of the city of Yonkers. It appears that, by reason of negligence on the part of the contractor in the performance of the work, an individual was injured, who recovered judgment for damages against the city, which were offset in this action; and the only question presented on the appeal is whether or not the city was entitled to include in the offset the expenses incurred in appeals taken to the Appellate Division and the Court of Appeals from the judgment for damages.

When the suit was brought against the city, the contractor was notified of the fact and asked to defend. He refused to defend the suit or to participate in the defense. When judgment was recovered, and appeals taken, as has been stated, he was duly notified of the fact, and not only made no objection, but acquiesced in the appeals to the extent of expressing the hope that the city would win. There being no dispute about the fact, and no suggestion of bad faith existing, I think the learned trial justice was correct in charging the jury that the defendant was entitled to reimbursement for the money legitimately expended on the appeals, as well as for the judgment originally rendered.

The judgment and order should be affirmed, with costs. All concur.